JAMES W. FIELD v. JAMES P. SILO.

1. The necessity for the affidavit stating the consideration of a chattel mortgage and the amount due thereon, as required by the act of 1876, is not dispensed with by the act of 1880, p. 266.

2. The special act of 1873, constituting two District Courts in Newark, is not repealed by the second section of the act of 1877, p. 234.

3. The fourth section of the act of 1878, p. 162, is constitutional. Although special in form, it is general in effect. It removed dissimilarity and created entire harmony in the law on the subject to which it pertained, and thereby subserved the object of the constitutional amendment.

On *certiorari.*

Argued at February Term, 1882, before Justices DEPUE, VAN SYCKEL and PARKER.

For the plaintiff, *Jas. W. Field* and *Finley A. Johnson.*

For the defendant, *S. Kalisch, F. E. Bradner* and *W. G. Cumming.*

The opinion of the court was delivered by

VAN SYCKEL, J. Silo, the plaintiff below, recovered against Field, the defendant, $175, in an action of trover, in the First District Court of Newark.

The first reason relied upon for reversal is, that Silo did not show such title to the goods which were the subject of the suit, as will enable him to maintain his action.

The evidence is that Silo sold this property to one Charles E. Atwood, in April, 1880, and took his individual note for the purchase price. For this debt Silo recovered a judgment against Atwood on June 29th, 1880, upon which an execution was issued the same day, and the property levied upon and sold to Silo to satisfy said judgment. Thereupon the said Silo sent his attorney to take possession of said goods, when he was notified by Field that he had possession and refused to make deliverance. This was sufficient proof, *prima facie,* of property in Silo and of the conversion by Field.

A further reason assigned for reversal is, that the charge of the court below that the Stroetman chattel mortgage was no lien as against Silo, was erroneous.

The act of 1876, p. 139, makes an affidavit, stating the consideration of the mortgage and the amount due thereon, necessary to its validity.

The act of 1880, p. 266, makes it the duty of the clerk of the county to record a chattel mortgage when it has been filed with a proper affidavit, in pursuance of the provisions of the act of 1878.

The necessity for the affidavit is not dispensed with by the

act of 1880. Such was the construction which this legislation received in *Stevenson* v. *Vosseller*, 14 *Vroom* 553. The mortgage in this case being without the requisite affidavit, the judge of the District Court properly held that it was not a lien as against Silo.

The principal question in the cause is, whether the act establishing District Courts in the city of Newark, (*Pamph. L.* 1873, *p.* 245,) was repealed by the act of 1877, p. 234.

The act of 1873 established two District Courts in the city of Newark, the judges of which were to be appointed by the Supreme Court.

The act of 1877 is a general law, establishing District Courts in certain cities in this state.

The second section of this act, which gives rise to this controversy, is as follows: "That one District Court shall be established in accordance with this act in every city of this state of fifteen thousand inhabitants, but cities of one hundred thousand inhabitants or over, shall be entitled to two District Courts; provided always, that no more than two District Courts shall at any time be established in any city of this state."

The subsequent sections of this act are substantially those of the special act of 1873, with the exception that the power of appointing the judges is given to the governor, by and with the advice and consent of the senate.

The second section of the act of 1877 contains no express repealer of the act of 1873, but the argument is that it constitutes two District Courts in Newark (which has a population of over one hundred thousand inhabitants), and unless the proviso operates as a repealer of the act of 1873, there will be four District Courts in said city.

This legislation must be construed in view of the settled rule of interpretation, that although a statute may be repealed by necessary implication and without express words, the leaning of the courts is against the repeal, if it be possible to reconcile the two legislative acts.

The error in the contention for the prosecutor is, that the act

of 1877 established two District Courts in Newark, but such is not its effect. In the absence of the proviso, that might have been the result; the proviso, in substance, is that the act shall not operate to establish a District Court in any city where two District Courts existed at the time of its passage. The draftsman of the law manifestly had in mind the existence of the Newark courts under the special legislation of 1873, and the proviso was intended, not as a repealer of the prior act, but as a limitation upon the operation of the law of 1877, whereby it was made uniform in its effect, without creating the confusion which must have resulted from abolishing the Newark courts. The object, undoubtedly, was not to abolish, but to preserve those existing courts with the suits then pending therein. The exception of the city of Newark from the operation of the act of 1877, did not specialize that act, and thereby make it unconstitutional. The act of 1877 gave to places properly classified with Newark, like District Courts. It created uniformity and prevented diversity, and thereby promoted the object for which the provision against special legislation was devised.

The act of 1873 limited the jurisdiction of the District Courts of Newark to $100. The judgment in this case being for $175, the further question has arisen, whether the subsequent enactment increasing the jurisdiction of the court, and lodging the appointing power in the hands of the governor, is constitutional.

The act of 1878 (*Pamph. L.*, *p.* 162,) entitled "An act concerning the District Courts of cities in this state, created by special statute," provides in its first section that the provisions of the general act concerning District Courts, passed in 1877, shall not apply to cities wherein District Courts were in existence prior to the passing of said act.

The second section increases the jurisdiction of District Courts created by special statute to $200, and the fourth section gives the appointing power to the governor, by and with the advice and consent of the senate.

This act is alleged to be unconstitutional as a special and

Field v. Silo.

local law regulating the internal affairs of cities, under the rule laid down in *State, ex rel. Richards,* v. *Hammer,* 13 *Vroom* 435.

The first section of this act was intended to remove any doubt that might have arisen as to the effect of the proviso of the second section of the act of 1877 ; under the view taken of that proviso, it is not material to consider whether this section can be upheld.

Nor is it necessary to determine whether the second section is valid, because in the same year (*Pamph. L.* 1878, *p.* 148,) a general law was passed increasing the jurisdiction of every District Court in the state to the sum of $200.

The only question of importance is, whether the fourth section is constitutional, as the judges hold their office by virtue of the governor's appointment.

The effect of the fourth section was to produce entire uniformity in the state in the mode of appointing these judges.

Under the view expressed in *Tiger* v. *Morris Common Pleas,* 13 *Vroom* 631, the validity of this part of the act of 1878 may be maintained. The purpose of it was to subserve and not to evade the object of the constitutional provision. It removed dissimilarity and created entire harmony in the law on this subject. The constitutional amendment, if otherwise interpreted, would prove self-destructive by perpetuating the mischief it was designed to repress and remove.

The result on this point is, that the District Court of Newark is a legally-constituted tribunal.

It must not, however, be implied from this discussion that it is conceded that the power of the inferior court can be challenged in a proceeding of this character.

The other reasons relied upon by the prosecutor have been examined, but in my judgment furnish no ground for reversal.

The judgment below should be affirmed, with costs.